UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60597-CIV-ALTMAN

**DENALDO FORBES**,

*Petitioner*,

v.

**RICKY DIXON, SECRETARY**,
**FLORIDA DEPARTMENT**
**OF CORRECTIONS**,

*Respondent.*
_____/

## ORDER

Our Petitioner, Denaldo Forbes, has brought a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, claiming that some piece of newly discovered evidence proves that "trial counsel rendered ineffective assistance regarding plea negotiations." Petition [ECF No. 1] at 3. But the Petitioner has already filed a § 2254 petition attacking this very same state-court conviction and sentence, and we've already denied that first petition on the merits. *See Forbes v. Sec'y, Dep't of Corr.*, 2022 WL 17082912, at *16 (S.D. Fla. Nov. 18, 2022). This Petition, therefore, is "second or successive" within the meaning of 28 U.S.C. § 2244(a). And, since the Petitioner does not appear to have obtained pre-authorization from the Eleventh Circuit to file this Petition, the Petition must be **DISMISSED** for lack of subject-matter jurisdiction.

### THE LAW

A prisoner "in custody pursuant to the judgment of a state court" may file a petition for writ of habeas corpus under 28 U.S.C. § 2254 in a federal district court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As a general rule, however, habeas petitioners are prohibited from filing second or successive § 2254

petitions. *See* 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus[.]"). A habeas petitioner can only circumvent this bar if he makes "a prima facie showing" that (1) the claim he's raising is "new, meaning that it cannot have been presented in an earlier petition," or (2) the new claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" or "the factual predicate underlying the claim . . . would be sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder would have found the applicant guilty of the underlying offense." *In re Dailey*, 949 F.3d 553, 556–57 (11th Cir. 2020) (quoting 28 U.S.C. § 2244(b)(2)).

But a successive habeas petition can't be filed in the district court as a matter of course. "Before a prisoner may file a second or successive habeas petition [in the district court], [he] first must obtain an order from the court of appeals authorizing the district court to consider the petition [pursuant to] 28 U.S.C. § 2244(b)(3)(A)." *Thomas v. Sec'y, Fla. Dep't of Corr.*, 737 F. App'x 984, 985 (11th Cir. 2018). "Absent such an order, the district court lacks jurisdiction to consider a second or successive habeas petition." *Ibid.*; *see also Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014) ("[A] district judge lacks jurisdiction to decide a second or successive petition filed without our authorization.").

## ANALYSIS

In his current Petition, Forbes alleges that "[t]he State failed to disclose the existence of cooperating codefendant Jermaine West's proffer statement during the time [Forbes's] plea offer was still available," and that counsel's failure to "investigate and discover the proffer statement" led Forbes to reject the State's plea offer and proceed to trial. Petition at 4. Forbes asserts that Jermaine West's

2

statement constitutes "newly discovered evidence" that couldn't have been discovered through due diligence—or, in the alternative, that our failure to consider his claim would result in "a fundamental miscarriage of justice." *Id.* at 3–4. But both this Petition and Forbes's earlier § 2254 petition (filed in Case No. 20-60009-CIV-ALTMAN) challenge the legality of the same burglary conviction. *Compare id.* at 1, *with Forbes*, 2022 WL 17082912, at *1. This Petition is thus plainly successive under § 2244(b). *See Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) ("In the usual case, a petition filed second in time and not otherwise permitted by the terms of § 2244 will not survive AEDPA's 'second or successive' bar."); *see also Miles v. Strickland*, 774 F. App'x 590, 592 (11th Cir. 2019) ("The petition was impermissibly successive because it challenges the same state judgment as [the petitioner's] first § 2254 petition, which was denied on the merits."). And, because Forbes didn't receive permission from the Eleventh Circuit to file a successive § 2254 petition, we don't have subject matter jurisdiction to consider his Petition. *See Insignares*, 755 F.3d at 1278 ("Insignares did not seek permission to file a successive petition. Therefore, the district judge had jurisdiction to hear his petition only if Insignares's application was not second or successive.").

Two more points before we close. *One*, whether the Petition relies on some piece of "newly discovered evidence" isn't at all relevant here. Although "newly discovered evidence" *can* constitute a legitimate basis for a successive § 2254 petition, *see* 28 U.S.C. § 2244(b)(2)(B)(ii), Forbes must still comply with the unambiguous terms of the statute—which, as we've said, requires that, "[*b*]*efore* a second or successive application . . . is filed in the district court, the applicant *shall* move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). Because Forbes hasn't done that, his Petition must be dismissed. *Two*, the "newness" of Forbes's claim doesn't affect our successiveness analysis. It's true that, in *very limited* circumstances, a "subsequent § 2254 petition that was based on a defect that did not arise until after the proceedings on the previous petition were completed" is not successive. *Stewart*

3

*v. United States*, 646 F.3d 856, 860 (11th Cir. 2011) (citing *Leal Garcia v. Quarterman*, 573 F.3d 214, 224 (5th Cir. 2009)). But this exception doesn't apply to "newly discovered evidence" claims. *See Barbary v. United States*, 769 F. App'x 888, 890 (11th Cir. 2019) ("[C]laims based on a factual predicate not previously discoverable are successive[.]").[1]

\*\*\*

Because Forbes hasn't triggered our subject-matter jurisdiction, we hereby **ORDER and ADJUDGE** that this case is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. And, because the Petition is "second or successive," we have no authority to issue a certificate of appealability. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) ("Without [successive] authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims."). All other pending motions are **DENIED as moot**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on March 28, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

---

[1] Forbes also admits that he learned about Jermaine West's statement no later than September 2020. *See* Petition at 4 ("Petitioner received the file in September 2020 and became aware of the contents of the proffer statement for the first time."). Since Forbes discovered West's statement long before we adjudicated his initial § 2254 petition on the merits, this "narrow exception" doesn't apply. *See Stewart*, 646 F.3d at 860 ("[A] subsequent § 2254 petition that was based on a defect that *did not arise until after the proceedings on the previous petition were completed* was not successive." (emphasis added)); *Barbary*, 769 F. App'x at 891 ("The factual basis for [Forbes's] claim . . . existed when [he] filed his initial [§ 2254 petition] and could have been raised at that time.").